UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ALLEN ATKINS,

        Plaintiff,                      Case No. 1:23-cv-1014

v.                                              Honorable Paul L. Maloney

J. BLOCK et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Eighth Amendment claims against the named Defendants for failure to state a claim.

## Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues Corrections Officer J. Block, Warden Randee F. Rewerts, and MDOC Director Heidi E. Washington in their individual capacities. (Comp., ECF No. 1, PageID.2.)

Plaintiff alleges that on May 23, 2023, he was transferred from the Bellamy Creek Correctional Facility (IBC) to DRF. When Plaintiff arrived at DRF, Defendant Block asked Plaintiff to participate in a strip search. Plaintiff was escorted to the strip search room and complied with Defendant Block's orders. After Plaintiff removed his clothing, Defendant Block ordered Plaintiff to bend over for an "anal cavity search." (*Id.* at PageID.3.) Plaintiff initially refused and asked for Defendant Block's supervisor. Defendant Block would not call his supervisor and threatened to have Plaintiff placed in segregation. Defendant Block told Plaintiff that Defendants Washington and Rewerts had ordered all corrections officers to conduct anal cavity searches when prisoners are transferred from one prison to another. So Plaintiff bent over and Defendant Block spread Plaintiff's buttocks and placed his fingers inside Plaintiff's anus. Defendant Block then told Plaintiff that the search was done to prevent drugs or contraband from being smuggled into the prison. Plaintiff claims that this constituted excessive force in violation of the Eighth Amendment. Plaintiff seeks damages and equitable relief.

Based on the foregoing, Plaintiff asserts that Defendants violated his Eighth Amendment rights The Court also construes Plaintiff's complaint to assert a Fourth Amendment unreasonable search claim.

Plaintiff seeks damages and declaratory relief.

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

3

### A. Fourth Amendment

Initially, the Court notes that Plaintiff's Fourth Amendment claims regarding the alleged cavity search may not be dismissed at screening. Both the Supreme Court and the Sixth Circuit have recognized that prisoners and detainees may be subjected to strip searches and body-cavity searches without individualized suspicion. *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 333-34 (2012) (rejecting the argument that correctional officials need reasonable suspicion to conduct visual body-cavity searches upon inmates at the time they are admitted to the general jail population); *Stoudemire v. Mich. Dep't of Corr.*, 705 F.3d 560, 575 (6th Cir. 2013) ("[S]uspicionless strip searches [are] permissible as a matter of constitutional law . . . ."); *see also Salem v. Mich. Dep't of Corr.*, 643 F. App'x 526, 529 (6th Cir. 2016). Nevertheless, strip searches "may be unreasonable by virtue of the way in which [they are] conducted." *Williams v. City of Cleveland*, 771 F.3d 945, 952 (6th Cir. 2014) (holding that searches must be conducted in a manner that is reasonably related to the jail's legitimate objectives and that allegations that female prisoners were forced to sit on a chair and spread their labia in unsanitary conditions and in full view of other prisoners were sufficient to state a claim for unreasonable search and seizure) (citing *Stoudemire*, 705 F.3d at 574). In determining the reasonableness of a search, courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Stoudemire*, 705 F.3d at 572 (citing *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)).

In this case, Plaintiff alleges that Defendant Block went beyond a visual body-cavity search and actually placed his fingers inside of Plaintiff's anal cavity in order to check for contraband. Plaintiff also alleges that Defendant Rewerts and Defendant Washington had instituted this practice for all incoming prisoners. This practice seems to be inconsistent with the MDOC's own

4

policy on body cavity searches which requires a reasonable suspicion to justify a body cavity search and imposes several specific requirements for such a search—requirements that were not satisfied based on Plaintiff's allegations. *See* MDOC Policy Directive 04.04.110 ¶ CC (effective 8/7/2023).

Balancing the factors identified in *Stroudemire* to determine whether the alleged search was reasonable is a fact-intensive inquiry; one that is "not . . . easily resolved at the pleading stage." *Hardy v. Agee*, No. 14-2230, 2015 WL 13782958, at *3 (6th Cir. May 8, 2015). Therefore, the Court will not dismiss Plaintiff's Fourth Amendment claims against the named Defendants.

**B.     Eighth Amendment**

As noted above, Plaintiff asserts that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim that he was subjected to a cavity search must be analyzed under Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6 (citing *Whitley*, 475 U.S. at 320–21). In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

Plaintiff alleges that Defendant Block performed a cavity search by inserting his fingers in Plaintiff's anus after he was transferred from IBC to DRF. Undoubtedly, each prison institution "must be able to take steps to maintain security and order at the institution and make certain no weapons or illicit drugs reach detainees," *Bell v. Wolfish*, 441 U.S. 520, 540 (1979), which includes the ability to perform otherwise invasive searches of prisoners, *Florence*, 566 U.S. at 328. Here, the facts alleged do not allow this Court to infer that the alleged search was a "punishment," let alone that it was performed "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6. As noted above, Defendant Block informed Plaintiff that Defendants Rewerts and Washington had directed such a practice for incoming prisoners in order to ensure that contraband did not enter the prison. Plaintiff does not allege that he suffered any injury as a result of the search. Nor does Plaintiff allege facts showing that Defendant Block was

unnecessarily rough or brutal in performing the search. Therefore, Plaintiff's Eighth Amendment claims will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Eighth Amendment claims against Defendants Block, Rewerts, and Washington will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Fourth Amendment claims against Defendants Block, Rewerts, and Washington remain in the case.

An order consistent with this opinion will be entered.

Dated:   August 12, 2024                               /s/ Paul L. Maloney
                                                                                        Paul L. Maloney
                                                                                        United States District Judge