UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN ATKINS,<br>      Plaintiff,<br><br>v.<br><br>J. BLOCK, *et al.*,<br>      Defendants. | No. 1:23-cv-1014<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendants' motion for summary judgment. (ECF No. 16). Plaintiff did not oppose the motion. Judge Kent issued a report and recommendation ("R&R"). (ECF No. 20). Plaintiff filed an objection to the report and recommendation. (ECF No. 21). The court will adopt the report and recommendation over Plaintiff's objection.

### I.

This is a *pro se* civil rights action brought by Plaintiff Allen Atkins, a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). The incident occurred at the MDOC's Carson City Correctional Facility ("DRF"). Plaintiff sued Corrections Office J. Block, Warden Randee Rewerts, and MDOC Director Heidi Washington. The court previously summarized Plaintiff's complaint as brought pursuant to 42 U.S.C. § 1983 and alleging Fourth and Eighth Amendment claims against Defendants:

> Plaintiff sues Corrections Officer J. Block, Warden Randee F. Rewerts, and MDOC Director Heidi E. Washington in their individual capacities. (ECF No. 1, PageID.2.)

1

> Plaintiff alleges that on May 23, 2023, he was transferred from the Bellamy Creek Correctional Facility (IBC) to DRF. When Plaintiff arrived at DRF, Defendant Block asked Plaintiff to participate in a strip search. Plaintiff was escorted to the strip search room and complied with Defendant Block's orders. After Plaintiff removed his clothing, Defendant Block ordered Plaintiff to bend over for an "anal cavity search." (*Id.* at PageID.3.) Plaintiff initially refused and asked for Defendant Block's supervisor. Defendant Block would not call his supervisor and threatened to have Plaintiff placed in segregation. Defendant Block told Plaintiff that Defendants Washington and Rewerts had ordered all corrections officers to conduct anal cavity searches when prisoners are transferred from one prison to another. So Plaintiff bent over and Defendant Block spread Plaintiff's buttocks and placed his fingers inside Plaintiff's anus. Defendant Block then told Plaintiff that the search was done to prevent drugs or contraband from being smuggled into the prison. Plaintiff claims that this constituted excessive force in violation of the Eighth Amendment. Plaintiff seeks damages and equitable relief.
>
> Based on the foregoing, Plaintiff asserts that Defendants violated his Eighth Amendment rights. The Court also construes Plaintiff's complaint to assert a Fourth Amendment unreasonable search claim. Plaintiff seeks damages and declaratory relief.

(ECF No. 10 at PageID.38). The court dismissed Plaintiff's Eighth Amendment claims. (*Id.* at PageID.43). The court allowed Plaintiff's Fourth Amendment claims to proceed.

The R&R summarized these same facts and recited the proper summary judgment standard. (ECF No. 20 at PageID.119-21). After its analysis, the R&R recommended that Defendants Rewerts and Washington's motion for summary judgment on the basis of exhaustion be granted and Rewerts and Washington be dismissed.

## II.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

2

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

## III.

Plaintiff raises two objections to the R&R. Both objections are not properly before the court, and Plaintiff's objections will be rejected. Plaintiff's first objection contends the R&R's exhaustion analysis was incorrect because her grievance coordinator "failed and refused to respond to Plaintiff's step I grievance." (ECF No. 21 at PageID.126). He argues that the grievance process was impossible. *Id.* Second, Plaintiff argues that the R&R erred in dismissing Plaintiff's Eighth Amendment claim.

Plaintiff's first objection was not properly argued before the magistrate judge because Plaintiff did not respond to Defendants' motion for summary judgment. In these circumstances, the objections are rejected absent "compelling reasons." *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000). No compelling reasons exist here; Plaintiff does not attempt to explain why he did not file a response to Defendants' motion. Plaintiff's first

3

objection is procedurally improper. And procedural deficiencies aside, Plaintiff's first objection is conclusory and without factual support. The R&R did not err.

Plaintiff's second objection is also procedurally improper. The R&R did not dismiss Plaintiff's Eighth Amendment claim. Rather, the court did so prior to the issuance of the R&R. (ECF No. 10). Therefore, an objection to that ruling is not proper here. Plaintiff's second objection is rejected.

**IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 20) is **ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 16) is **GRANTED**.  Defendants Rewerts and Washington are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the report and recommendation (ECF No. 21) is **DENIED**.

**IT IS SO ORDERED.**

Date:  August 7, 2025                              /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge