UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ATKINS,

Plaintiff,

v.

J. BLOCK et al.,

Defendants.
_______________________________/

Case No. 1:23-cv-1014

Honorable Paul L. Maloney

**OPINION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Allen Atkins, a prisoner in the custody of the Michigan Department of Corrections (MDOC). The incidents in this matter occurred at the MDOC's Carson City Correctional Facility (DRF). Plaintiff named three defendants and raised two distinct claims; but only one claim against one defendant remains: a Fourth Amendment unreasonable search claim against Defendant Corrections Officer J. Block. (*See* Op. & Order, ECF Nos. 10, 11; Order, ECF No. 30.)

This matter is now before the Court on the parties' cross-motions for summary judgment. For the reasons set forth below, both motions will be denied.

**I. Factual Background**

Plaintiff claims that Defendant Block conducted a strip search on May 23, 2023, the date Plaintiff arrived at DRF. (Compl., ECF No. 1, PageID.3.) In Plaintiff's complaint, he alleged that the strip search included a digital probing of Plaintiff's anus purportedly to search for drugs. (*Id.*) Plaintiff contended the anal cavity search violated his constitutional rights.

During Plaintiff's deposition, he described a much more intrusive search. Plaintiff testified that Defendant Block stuck his entire hand up Plaintiff's anus and "moved his hand around as if he was searching for something." (ECF No. 52-2, PageID.286.) After Defendant Block eventually removed his entire hand, "[h]e fingered [Plaintiff's] anus in a sexual manner." (*Id.*, PageID.287.)

Defendant Block moves for summary judgment based on his assertion that Plaintiff's claim is implausible on its face. Although Defendant Block acknowledges that the stories of Defendant Block and Plaintiff are in conflict, he also notes that Plaintiff's story strains credulity to the breaking point. For a prisoner to endure the insertion of a corrections officer's entire unlubricated hand in his anus without calling out or seeking treatment afterwards is simply too far-fetched for any rational jury to accept the claim as true. Therefore, Defendant Block argues, the Court may disregard Plaintiff's implausible statements.

Plaintiff also moves for summary judgment. Plaintiff also appears to acknowledge that his version of the event and Defendant Block's cannot be reconciled. Nonetheless, Plaintiff contends that the Court must accept his version as true under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, Plaintiff notes that he did complain about the anal cavity search to a nurse who examined him later that day and that he was not the only prisoner that complained Defendant Block had committed such an assault that day. (Pltf's Decl., ECF No. 60.)

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Plaintiff's suggestion that *Twombly* compels the Court to accept his allegations as true may be the appropriate standard for a motion under Federal Rule of Civil Procedure 12(b)(6), but it has no application in the context of resolving a motion for summary judgment under Federal Rule of Civil Procedure 56.

**III. Credibility**

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also, e.g., Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006) (stating that "[i]n determining whether to grant summary judgment, a court may

not make determinations of witness credibility”). Instead, “[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.” *Anderson*, 477 U.S. at 255.

Accepting Plaintiff’s evidence and drawing all justifiable inferences in his favor when considering Defendant’s motion leads the Court to conclude that there are genuine issues of material fact that preclude granting Defendant’s summary judgment motion. Certainly there are aspects of Plaintiff’s version of the event that call into question Plaintiff’s credibility. But that is for the jury to decide and, as pleaded, Plaintiff’s story is not so far-fetched as to be entirely implausible.

Similarly, accepting Defendant’s evidence and drawing all justifiable inferences in his favor when considering Plaintiff’s motion leads the Court to conclude that there are genuine issues of material fact that preclude granting Plaintiff’s motion for summary judgment.

**Conclusion**

For the reasons set forth above, the Court will enter an order denying the parties’ cross-motions for summary judgment.

Dated: August 28, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge